# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, | ) |
| Plaintiff, | ) Civil Action No. 19-1385 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 43 |
| COREY VALENCIA, *Correctional Officer I*, | ) |
| LIEUTENANT MORRIS, CHRISTOPHER | ) |
| COLGAN, *Corrections Officer* I, MCLAREN | ) |
| MEDICAL LABORATORY, M.D. DENNIS | ) |
| W. SPENCER, *Laboratory Director*, WARD | ) |
| MEDICAL LABORATORY, M.D. | ) |
| WILLIAM G. FINN, *Laboratory Director*, | ) |
| GARCIA CLINICAL LABORATORY, and | ) |
| M.D. LORENZ P. KIELHORN, *Laboratory* | ) |
| *Director*, | ) |
| Defendants. | |

## **MEMORANDUM ORDER**

Plaintiff Corey Bracey ("Plaintiff"), an inmate at the State Correctional Institution – Phoenix ("SCI – Phoenix"), has presented an Amended Complaint which he has been granted leave to prosecute without prepayment of costs. Plaintiff alleges that Defendants Corey Valencia, Christopher Colgan and Lieutenant Morris conspired to violate his constitutional rights through the excessive use of force and malicious prosecution arising out of an incident that occurred at the State Correctional Institution – Greene ("SCI-Greene") on October 17, 2017. Plaintiff further alleges that Defendants McLaren Medical Laboratory; Dennis Spencer, M.D.; Ward Medical Laboratory; William G. Finn, M.D.; Garcia Clinical Laboratory; and Lorenz P. Kielhorn, M.D., issued at least one false positive result to a Hepatitis C blood test, and that this test result constitutes defamation per se and otherwise violates his Fourteenth Amendment rights.

Presently before this Court is Plaintiff's Motion to Stay/Motion for Appointment of Counsel, ECF No. 43. Initially, Plaintiff seeks a stay of this action so that he can file a response to pending Motions to Dismiss and otherwise conduct appropriate legal research in support of his claims. To that end, Plaintiff alleges that due to the current COVID-19 crisis, prisoner access to his facility law library is limited to ensure adequate distance between inmates and staff. ECF No. 43 at 1. As the docket of this matter makes clear, Plaintiff filed an Amended Complaint, ECF No. 39, and as a result, the Court denied without prejudice the previously filed Motions to Dismiss. ECF No. 40.

Considering current COVID-19 events, the Court will stay this action until June 1, 2020. This temporary stay resolves Plaintiff's current concerns regarding lack of access to the prisoner law library.

By separate Order, Defendants' responses to the Amended Complaint shall be due on or before June 2, 2020.

Plaintiff also seeks the appointment of counsel to pursue this action. In this regard, Plaintiff's motion requires the Court to determine whether or not, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent Plaintiff in the prosecution of this action.

In considering a motion for the appointment of counsel, the Court must determine whether or not to request counsel to represent this indigent litigant under the provisions of 28 U.S.C. § 1915(e)(1), fully recognizing that if successful counsel may be entitled to recover fees under the provisions of Section 1988 of Title 42, United States Code. Section 1915(e)(1) gives the Court broad discretion to determine whether the appointment of counsel is warranted, and that

determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron v. Grace, 6 F.3d at 155. If the court determines that the claim has some merit, the court should then consider the following factors:

1. the plaintiff's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4. the amount the case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After careful consideration of Plaintiff's allegations, it would appear that the appointment of counsel is not warranted at this time and, therefore, the Court will not exercise its discretion.

Initially, it does not appear with any degree of certainty that Plaintiff is setting forth a factual basis that demonstrates he will ultimately prevail on the merits. Nevertheless, in considering factors one and two, the litigant's ability to present his case and the difficulty of the

3

legal issues involved, it is clear that the issues presented in the complaint are neither difficult nor complex, and nothing in the record indicates that Plaintiff is incapable of presenting his case. In fact, Plaintiff has amply demonstrated his ability to file motions, respond to motions and otherwise communicate with the Court while litigating several cases in this Court. See, Bracey v. Pennsylvania Department of Corrections *et al*, No. 11-04; Bracey v. Rendell, No. 11-217; Bracey v. Price, No. 09-1662. Similarly, the third consideration, the degree to which factual investigation will be necessary and Plaintiff's ability to conduct such investigation, does not weigh in favor of the appointment of counsel since Plaintiff's case would basically rely on his testimony and it is too early in the litigation to determine what, if any, factual investigation otherwise will be necessary.

Further, while adjudication of certain of Plaintiff's claims against medical providers may require the testimony of expert witnesses, Plaintiff has had well over two years to identify and correspond with potential experts to confirm that there is a reasonable probability that the testing protocols of the named medical defendants fall below the required standard of care. See Baumgardner v. Ebbert, 535 F. App'x. 72, 77 n.5 (3d Cir. 2013).

Indeed, the only factor that seemingly weighs in Plaintiff's favor is the fact that he would be unable to afford to retain counsel on his own behalf as evidenced by his having requested and been granted *in forma pauperis* status. While it may be that this factor weighs in favor of appointing counsel, standing alone, it does not outweigh the other factors discussed. See Torrence v. Saunders, 2012 WL 137744, at *2 (D.N.J. Jan. 18, 2012); Torres v. Yocum, 2011 WL 6100333, at *2 (M.D. Pa. Dec. 07, 2011); Ortiz v. Schmidt, 2011 WL 282745, at *2 (D.N.J. Jan. 24, 2011).

The Court does not intimate that Plaintiff would not benefit from the appointment of counsel, but rather it appears that the appointment of counsel will not materially aid justice to such

4

a degree as to warrant the exercise of the Court's discretion. Thus, until such time as a showing is made that the interests of justice require the Court to exercise its discretion, the Court declines to do so. See Lassiter v. Dept. Social Services, 452 U.S. 18 (1981). Accordingly, the following Order is entered:

AND NOW, this 6th day of April, 2020, IT IS HEREBY ORDERED that Plaintiff's Motion to Stay/Motion for Appointment of Counsel, ECF No. 43, is GRANTED IN PART AND DENIED IN PART without prejudice. IT IS HEREBY ORDERED that Plaintiff's Motion to Stay is granted and the Clerk shall stay this action until June 1, 2020. IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Corey Bracey
GS 4754
SCI Phoenix
1200 Mokychic Road
Collegeville, Pa 19426

All counsel of record via CM/ECF