IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, | |
| *Plaintiff*, | Civil Action No. 2:19-cv-1385 |
| v. | Hon. William S. Stickman IV |
| COREY VALENCIA, *et al*, | Hon. Maureen P. Kelly |
| *Defendants*. | |

## OMNIBUS ORDER OF COURT

Plaintiff Corey Bracey brought this *pro se* civil rights and defamation action pursuant to 42 U.S.C. § 1983 as a result of an altercation with correctional officers at the State Correctional Institution ("SCI") – Greene. (ECF No. 8). The case was referred to Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D.

The first matter pending before the Court is the Corrections Defendants' Motion to Dismiss Amended Complaint filed by Defendants Corey Valencia ("Valencia"), Christopher Colgan ("Colgan"), and Lieutenant Morris ("Morris") (collectively, "Corrections Defendants") (ECF No. 56). Corrections Defendants argue that Plaintiff's claims against Colgan and Morris as well as his conspiracy claims are time-barred by the two year statute of limitation applicable to claims asserted under § 1983. Next, they argue that Plaintiff's conspiracy claim should be dismissed for failure to state a claim. Lastly, they argue that Plaintiff's § 1983 claim against Morris should be dismissed for failure to allege sufficient facts to state a claim against him. Magistrate Judge Kelly, by October 22, 2020 Report and Recommendation, recommended that the Court deny the motion to dismiss as to the conspiracy claims against the Corrections Defendants and the separate claims against Morris and Colgan on the basis that they are barred by Pennsylvania's statute of limitations. (ECF No. 101, pp. 5-8). However, she recommended the dismissal of Plaintiff's conspiracy claim without prejudice for him to file a Second Amended Complaint to correct the deficiencies with this claim, if possible. (ECF No. 101, pp. 8-9). She also recommended that the Court deny the motion as to Morris based on the lack of personal

1

involvement in the alleged violation of Plaintiff's Eighth Amendment rights.  The parties were given until November 9, 2020 to file objections.  (ECF No. 101).  No objections were filed.  Therefore, the Court will not disturb Magistrate Judge Kelly's conclusions in her Report and Recommendation and hereby ADOPTS the Report and Recommendation (ECF No. 101) as its Opinion.

The second matter pending before the Court are the Motions to Dismiss that were filed on behalf of Defendants Garcia Clinical Laboratory ("Garcia") and Lorenz P. Kielhorn ("Kielhorn") (ECF No. 60), William G. Finn ("Finn") and Ward Medical Laboratory ("Ward") (ECF No. 63), and McClaren Medical Laboratory ("McClaren") and Dennis W. Spencer ("Spencer") (collectively, "the Medical Defendants) (ECF No. 66).  By separate October 22, 2020 Report and Recommendation, Magistrate Judge Kelly recommended the dismissal with prejudice of the defamation and Fourteenth Amendment claims against these Defendants.  (ECF No. 102, pp. 9-11).  However, she recommended Plaintiff be granted leave to file a Second Amended Complaint to cure the deficiencies, if possible, with his attempted negligence and/or third-party beneficiary contract claims.  (ECF No. 102, pp. 8-9).  The parties were given until November 9, 2020 to file objections.  (ECF No. 102).  No objections were filed.  Therefore, the Court will not disturb Magistrate Judge Kelly's conclusions in her Report and Recommendation and hereby ADOPTS the Report and Recommendation (ECF No. 102) as its Opinion.

The last matter pending before the Court is Plaintiff's Motion Pursuant to Pa. R. Civ. P. 1042.6.  (ECF No. 71).  Magistrate Judge Kelly, in her October 22, 2020 Report and Recommendation (ECF No. 102), recommended the motion be denied as moot.  The parties were given until November 9, 2020 at the latest to file objections.  (ECF No. 102).  No objections were filed.  Therefore, the Court will not disturb Magistrate Judge Kelly's conclusions in her Report and Recommendation and hereby ADOPTS the Report and Recommendation (ECF No. 102) as its Opinion.

AND NOW, this 16th day of November 2020, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' Motions to Dismiss (ECF Nos. 56, 60, 63, and 66).  The Motion to Dismiss (ECF No. 56) is DENIED as to Plaintiff's claims against Colgan and Morris, but GRANTED without prejudice as to Plaintiff's conspiracy claim.  Plaintiff is given thirty (30) days to file a Second Amended Complaint to correct the deficiencies with regard to his conspiracy claim.  Medical Defendants' Motions to Dismiss (ECF Nos. 60, 63, and 66) are

2

GRANTED with prejudice as to Plaintiff's defamation and Fourteenth Amendment claims. These claims are hereby dismissed with prejudice. Medical Defendants' Motions to Dismiss (ECF Nos. 60, 63, and 66) are GRANTED without prejudice for failure to state cognizable claims for negligence and/or a third-party beneficiary. Plaintiff is given thirty (30) days to file a Second Amended Complaint to correct the deficiencies with regard to his negligence and/or a third-party beneficiary claims.

    IT IS FURTHER ORDERED that Plaintiff's Motion Pursuant to Rule 1042.6 (ECF No. 71) is DENIED AS MOOT. In the event Plaintiff files a Second Amended Complaint alleging a negligence claim, his obligation to file a certificate of merit will be addressed upon proper motion to the Court.

                                                                  BY THE COURT:

                                                                   /s/   *William S. Stickman IV*
                                                                   WILLIAM S. STICKMAN IV
                                                                   UNITED STATES DISTRICT JUDGE