IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COREY BRACEY,

    *Plaintiff,*

v.

COREY VALENCIA, *et al,*

    *Defendants.*

Civil Action No. 2:19-cv-1385

Hon. William S. Stickman IV
Hon. Maureen P. Kelly

## **ORDER OF COURT**

Plaintiff Corey Bracey ("Bracey") brought this *pro se* civil rights and defamation action pursuant to 42 U.S.C. § 1983 as a result of an altercation with correctional officers at the State Correctional Institution ("SCI") – Greene. The case was referred to Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D.

In his Second Amended Complaint, Bracey asserts "negligence and/or malpractice" and third-party beneficiary contract claims against clinical laboratories and various medical personnel ("Medical Defendants") for allegedly issuing false positive reports. Motions to dismiss were filed on behalf of Garcia Clinical Laboratory ("Garcia") and Lorenz P. Kielhorn ("Kielhorn") (ECF No. 112); McLaren Medical Laboratory ("McLaren") and Dennis W. Spencer ("Spencer") (ECF No. 115); and Ward Medical Laboratory ("Ward") and William G. Finn ("Finn") (ECF No. 118). Magistrate Judge Kelly, in a Report and Recommendation, recommended that the Court grant the motions and the Second Amended Complaint be dismissed as to all claims asserted against these defendants. (ECF No. 137). She noted that Bracey failed to file compliant Certificates of Merit despite repeated notice of the requirement to

1

do so. (ECF No. 137, pp. 12-16). Furthermore, Magistrate Judge Kelly noted that Bracey failed to plead facts plausibly stating a breach of contract cause of action against the Medical Defendants, the terms of the contract, or the parties to the contract. (ECF No. 137, p. 16). Additionally, he "also failed to plead facts showing the signatories of any contract for clinical testing services intended to step into the shoes of a party to enforce rights thereunder." (ECF No. 137, p. 16). In other words, Magistrate Judge Kelly determined that "Bracey has not alleged facts on which his putative third-party beneficiary status may be implied under any potential contract executed by the Medical Defendants." (ECF No. 137, p. 18).

The parties were given until March 22, 2021 to file objections. (ECF No. 137). No objections were filed. Therefore, the Court will not disturb Magistrate Judge Kelly's conclusions in her Report and Recommendation and it hereby ADOPTS the Report and Recommendation (ECF No. 137) as its Opinion.

AND NOW, this **30** day of March 2021, the Court hereby GRANTS Defendants' Motions to Dismiss (ECF No. 112, 115, 118). All claims against Garcia Clinical Laboratory, Lorenz P. Kielhorn, McLaren Medical Laboratory, Dennis W. Spencer, Ward Medical Laboratory, and William G. Finn are hereby DISMISSED WITH PREJUDICE and these defendants are hereby TERMINATED as parties.

BY THE COURT:

_/s/ William S. Stickman IV_
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE