IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY BRACEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-1385 |
| | ) | District Judge William S. Stickman |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| COREY VALENCIA, *Corrections Officer I*, | ) | Re: ECF No. 152 |
| CHRISTOPHER COLGAN, *Corrections* | ) | |
| *Officer I*, and Lieutenant Morris, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Corey Bracey ("Plaintiff") brings this *pro se* action pursuant to 42 U.S.C. § 1983 for the alleged violation of his rights arising out of a physical altercation with corrections officers at the State Correctional Institution – Greene ("SCI – Greene"). Presently before the Court is Plaintiff's "Motion to Compel Discovery – Fed. R. Civ. P. 37(a)." ECF No. 152 (re-docketed at ECF No. 154). Plaintiff seeks the production of documents related to the incident, as well as Pennsylvania Department of Corrections ("DOC") training and use of force procedures and policies, Defendants' medical and DOC employment history, and grievances filed by Plaintiff during his incarceration.

Upon review of Plaintiff's Motion and attached exhibits, Defendants' Response to Plaintiff's Motion to Compel, ECF No. 155, Defendants' Second Response to Plaintiff's Motion to Compel, ECF No. 160, and Plaintiff's Reply, ECF No. 164, the Motion to Compel is granted in part and denied in part as follows.

1

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. Decisions related to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

## II. DISCUSSION

### 1. Defendant Valencia – Mental Impressions and Past Interactions

Plaintiff moves for an order compelling a response to Interrogatories Nos. 5 and 6, directed at Defendant Valencia, and seeking information related to Defendant Valencia's impressions of

Plaintiff as an inmate and his past negative interactions with Plaintiff. ECF No. 154 at 3. The DOC Defendants agree to produce additional documents as to both requests. ECF No. 155 at 2; ECF No. 160 at 2. These documents must be produced within fourteen (14) days.

To the extent that Plaintiff seeks a narrative response detailing Defendant Valencia's opinion of Plaintiff, ECF No. 164 at 2, Defendants object that the request is vague and overbroad. ECF No. 160 at 2. Rule 33 of the Federal Rules of Civil Procedure provides that, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). However, in this instance, the interrogatory is too general and overly broad to meet the requirements of Rule 26(b) as it apparently seeks information not related or connected to specific facts at issue. The Motion to Compel therefore is denied as to a narrative opinion by Valencia of "what kind of inmate was Plaintiff in your eyes."

### 2. Defendant Valencia - Workers' Compensation Claim Information

Plaintiff seeks to compel production of information related to a workers' compensation claim filed by Valencia after the October 17, 2017 incident at issue. Plaintiff states these documents may lead to information regarding Valencia's credibility. ECF No. 154 at 3 (interrogatories); Id. at 4 (request for production of documents). The DOC Defendants object to production of this information as irrelevant and otherwise containing personal and medical information that should be protected from disclosure. ECF No. 155 at 4. The Court agrees.

The request broadly seeks information that unduly infringes on Valencia's privacy interest in personal medical information. Plaintiff alludes to "reliable information" that the compensation claim was denied because the injury was considered the result of Valencia's own misconduct. ECF No. 154 at 3. However, Plaintiff presents no documentation in the form of affidavits or

3

declarations to support his speculation, nor does he identify the source of the information related to the outcome of the workers' compensation proceeding to provide indicia of reliability such that the disclosure of personal medical information should be compelled.

Moreover, the findings of an administrative law judge in a state worker's compensation proceeding have no bearing on any fact at issue in this matter, which concerns whether *Plaintiff's* Eighth Amendment rights were violated. The evidence therefore is of such marginal relevance that the potential harm occasioned by inquiry into otherwise non-public compensation proceedings "outweighs the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. at 573.

Under these circumstances, the Motion to Compel Valencia's worker's compensation record is denied. Rivera v. Rendell, No. 3:CV-10-0505, 2017 WL 1036471, at *2 (M.D. Pa. Mar. 17, 2017); Paluch v. Dawson, No. CIV. 1:CV-06-01751, 2007 WL 4375937, at *4 (M.D. Pa. Dec. 12, 2007).

### 3. Request for Production of Valencia's Training Records.

The DOC Defendants state that this information will be produced. ECF No. 160 at 5. As such, the documents must be produced within fourteen (14) days.

### 4. Records of Disciplinary Proceedings against Valencia related to incident at issue.

Plaintiff seeks to compel the production of documents regarding disciplinary proceedings against Defendant Valencia after the October 17, 2017 incident at issue. ECF No. 154 at 4; ECF No. 152-2 at 2. The DOC Defendants respond that no such documents exist because Valencia did not receive discipline because of this incident. Id. The DOC Defendants therefore confirm that there are no responsive documents, but have agreed to produce the internal investigation and Extraordinary Occurrence Report. ECF No. 160 at 2, 6. The Court cannot compel documents that

do not exist. Williams v. Wetzel, No. 1:17-CV-79, 2019 WL 1206061, at *2 (M.D. Pa. Mar. 14, 2019) ("one other immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist."). Thus, the Motion to Compel disciplinary records is granted in part and denied in part. The DOC Defendants are directed to produce the internal investigation and Extraordinary Occurrence Report within fourteen (14) days.

**5. Written Separation Orders**

Plaintiff requests documentation related to the issuance of orders separating Defendants Colgan and Valencia from Plaintiff. Defendants have responded that "[t]here were none and there is nothing to produce." ECF No. 155 at 5; ECF No. 160 at 6. Again, the Court cannot compel documents that do not exist. Williams v. Wetzel, 2019 WL 1206061, at *2. Accordingly, the Motion to Compel production of separation orders is denied.

**6. Hand-Held Surveillance Documentation**

Plaintiff seeks to compel the production of relevant documentation and internal orders that "he be on hand-held camera surveillance any time his door was to be opened." ECF No. 154 at 4. The DOC Defendants stipulate that "all of Bracey's out-of-cell movements and transfers should have been recorded in October 2017 because of a previous order. The document evidencing this is a mental health record that is protected from production." ECF No. 155 at 6; ECF No. 160 at 6-7.[1] That said, Defendants agree to provide the relevant documents to the Court for *in camera*

---

[1] Because the reasons for the order to film Plaintiff when moved from his cell are based on documented mental health concerns and assessments, the request will be denied. See Simmons v. Gilmore, No. 2:17-CV-00996, 2019 WL 3944325, at *4 (W.D. Pa. Aug. 21, 2019) (mental health records "are confidential, pose a valid security risk, and not typically discoverable"). See Carter v. Baumcratz, 2019 WL 652322, *2 (W.D. Pa. Feb. 15, 2019) (citing Banks v. Beard, 2013 WL 3773837, at *3 (M.D. Pa. July 17, 2013)) ("With respect to the mental health records, were they made available to inmates or the public, DOC professionals would tend to refrain from entering candid opinions and evaluations. Consequently, decision-makers would not have the benefit of honest observations from professionals in the field. Moreover, if an inmate knows how DOC staff will evaluate him and how particular behaviors are likely to be interpreted, he is capable of manipulating the resulting determination, which could lead to inaccurate assessments,

5

inspection to permit it to determine whether redaction of information that poses a security risk may aid discovery. ECF No. 160 at 7. Accordingly, Defendants shall submit the relevant documents to the Court for *in camera* inspection within fourteen (14) days of the date of this Order. The Motion to Compel the referenced documents therefore is granted in part, to permit the Court to review the documentation to determine whether production of the records in redacted form presents a risk to DOC staff and other inmates.

### 7. Complaints against Valencia

Plaintiff also seeks copies of "abuse allegations" and "PREA" complaints he lodged against Valencia. ECF No. 154 at 4. The DOC Defendants state they will produce grievances filed by Plaintiff while housed at SCI – Greene for the period February 1 to October 17, 2017 directed at the named Defendants. ECF No. 155 at 3. The DOC Defendants represent that Plaintiff's PREA reports are included in the grievances to be provided by Plaintiff. ECF No. 160 at 3. The Motion to Compel production of this information therefore is granted in part and denied in part. Defendants are directed to produce the PREA reports and grievances within fourteen (14) days of this Order.

### 8. Video of an Escort Between Housing Units.

Plaintiff seeks production of video of his transfer to his cell from a different pod on the morning of the incident at issue. ECF No. 154 at 4. The DOC Defendants respond that the requested video is of a move "over four years" ago and, "because there was not a grievance filed regarding the transfer, the footage has not been preserved." ECF No. 155 at 4. As such, the Motion to Compel the production of the transfer video is denied.

---

improper institutional placements, and possible premature release from custody. Based on the foregoing, defendants will not be compelled to produce any portion of plaintiff's mental health record."). See ECF No. 160-2, Declaration of Joseph R. Scotti, Ph.D., LPM.

6

9. **Housing Pod Cell Assignments**

Plaintiff seeks information related to housing pod assignments to challenge the credibility of Defendant Colgan's explanation that an error was made in opening Plaintiff's cell door because of confusion related to cells associated with different privilege phases. ECF No. 154 at 5. According to Plaintiff, this statement is not credible because cells are assigned by phase and segregated to avoid confusion. Id. The DOC Defendants object because the request is burdensome and otherwise presents a security risk "because it would show Bracey how the Department of Corrections houses inmates." ECF No. 155 at 5.

The Court agrees that disclosure of housing assignments poses a security risk that outweighs any potential relevance. See Allen v. Eckard, No. 1:17-CV-996, 2019 WL 1099001, at *3 (M.D. Pa. Mar. 8, 2019) (citing Coleman v. Danforth, 2017 WL 5490918, at *4-5 (S.D. Ga. Nov. 15, 2017) (denying a motion to compel and finding "valid concern[s] regarding the security implications of providing prison schematics to inmates"); Gilmore v. Lockard, 2017 WL 678278, at *4 (E.D. Cal. Feb. 16, 2017) (denying a motion in limine and recognizing "the potential dangers associated with inmates possessing photographs and diagrams of a particular prison"); Casey v. Pallito, 2016 WL 96157, at *6 (D. Vt. Jan. 7, 2016) (denying a motion to compel because "[t]he disclosure of materials revealing the layout of [the prison] would pose security risks"); Scott v. Palmer, 20145 WL 1637781, at *4 (E.D. Cal. April 13, 2015) ("Plaintiff's needs for documents, diagrams or photographs as evidence ... outweighs neither the burden and expense associated with seeking responsive documents, diagrams or photographs ... nor the security risk associated with the possession of such physical prison layout details by inmates"). Compelling the strategy and logistics of cell assignments on Plaintiff's housing block would lead to disclosure of information that could be manipulated by him (and others he may share this material) to interfere with security

7

and valid penological interests in the phased placement of inmates. Thus, Plaintiff's Motion to Compel production of pod cell assignment documentation is denied.

### 10. Training Manuals and Use of Force Techniques

Plaintiff next seeks production of DOC training manuals, techniques used to subdue an inmate, and use of physical force rules and procedures. ECF No. 154 at 5; ECF No. 164 at 2-3. DOC Defendants object because of the obvious security risk presented if prisoners are given a "playbook for evading" corrections staff. ECF No. 155 at 3; ECF No. 160-1 (Declaration of Eric Hintemeyer, Security Captain SCI – Greene). Courts routinely protect these materials based on prison safety and security concerns. See Easley v. Tritt, No. 1:17-CV-930, 2020 WL 836695, at *9 (M.D. Pa. Feb. 20, 2020), *reconsideration denied*, No. 1:17-CV-930, 2020 WL 1911536 (M.D. Pa. Apr. 20, 2020) (citing Coit v. Garman, No. 1:17-cv-1438, 2018 WL 3818853, at *2 (M.D. Pa. Aug. 10, 2018); Eggleston v. Mitchell, No. 1:12-cv-1220, 2013 WL 5351053, at *1 (M.D. Pa. Sept. 23, 2013); Victor v. Lawlor, No. 3:08-cv-1374, 2011 WL 1884616, at *2 (M.D. Pa. May 18, 2011)).

That said, the DOC Defendants state that DOC general guidelines for the use of force are publicly available. ECF No. 155 at 3 ("Defendants again refer Bracey to public policy DC-ADM-201 on the use of force."). Accordingly, The Motion to Compel production of DOC's use of force policies and procedures is granted <u>only</u> as to the publicly available portions of DC-ADM-201, and Defendants shall produce a copy to Plaintiff within fourteen (14) days. The Motion to Compel production of specific use of force training manuals and policies is otherwise denied.

### 10. SRTU Inmate Handbook

Plaintiff seeks to compel the production of DOC's "SRTU Inmate Handbook" in effect in October 2017. ECF No. 164 at 3; ECF No. 152-2 at 3. Defendants object to this request because

Defendant Valencia is retired and no longer has access to this document. ECF No. 152-2 at 3. Plaintiff did not include this item in his pending Motion to Compel; but adds it in his Reply. ECF No. 164. In the interest of fairness and to expedite production of an item that Defendants may readily obtain, Plaintiff's belated Motion to Compel production of the October 2017 version of the SRTU Inmate Handbook is granted. Defendants shall produce the handbook within fourteen (14) days.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Motion to Compel, ECF No. 152 is granted in part and denied in part. An appropriate Order follows.

### ORDER

AND NOW this 8th day of December 2021, IT IS HEREBY ORDERED that the Plaintiff's Motion to Compel, ECF No. 152 is GRANTED IN PART and DENIED IN PART as fully set forth in the accompanying Memorandum.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal

is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable William S. Stickman
       United States District Judge

       Corey Bracey
       GS 4754
       SCI Phoenix
       1200 Mokychic Road
       Collegeville, Pa 19426

       All counsel of record via CM/ECF