IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, | } |
| } No. 2:19-cv-01385-WSS |
| Plaintiff, } |
| } Judge Stickman |
| vs. } |
| } |
| COREY VALENCIA, *Correctional Officer I*; } |
| CHRISTOPHER COLGAN, *Corrections Officer 1*; } |
| and LIEUTENANT MORRIS, } |
| } ***Electronically Filed.*** |
| Defendants. } |

**BRIEF IN SUPPORT OF CORRECTIONS DEFENDANTS'
MOTION *IN LIMINE* (SECOND) TO EXCLUDE EVIDENCE AND TESTIMONY
OF ANY CONDUCT OCCURRING AFTER THE ALLEGED ADVERSE ACTION**

Plaintiff initiated this action on October 24, 2019, by filing a Complaint [ECF 1], albeit without a Motion for Leave to Proceed *in forma pauperis* attached. The Complaint [ECF 8] was eventually docketed and, ultimately, a Second Amended Complaint [ECF 107] was filed and subsequently answered by the Corrections Defendants. See [ECF 142].

Within his Second Amended Complaint, Plaintiff has brought a claim of excessive force under the Eighth Amendment. With respect to such claims, this Court has observed that

> [t]he central inquiry in an excessive force claim is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.' Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002)(*quoting* Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000)). 'When prison officials malicious and sadistically use force to cause harm, contemporary standards of decency are violated ... whether or not significant injury is evident.' Brooks, 204 F.3d at 108-09.
>
> In determining whether a defendant has used excessive force in violation of the Eighth Amendment, courts look to several factors including: '(1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts to

1

> temper the severity of the forceful response.' Brooks, 204 F.3d at 106 (internal quotations and citation omitted). The extent of injuries that an inmate suffers is relevant, but 'does not end' this analysis. Hudson v. McMillian, 503 U.S. 1, 7 (1992). Consideration of these factors permit a court to make inferences concerning 'whether the use of force could plausibly have been thought necessary' or whether the circumstances show 'such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur.' Whitley v. Albers, 475 U.S. 312, 321 (1986)(citation omitted).

Bomar v. Wetzel, 2022 WL 18358849, *8-*9, *report and recommendation adopted sub nom.* Bomar v. Braunlich, 2022 WL 17828858 (W.D.Pa. 2022).

Plaintiff's Eighth Amendment claim is based on incident that occurred on October 17, 2017, wherein Plaintiff claims that he was subjected to excessive force by the Corrections Defendants. As indicated in the accompanying motion, as a result of sanctions imposed by the Court, certain stipulated facts will be presented at trial regarding the interactions between Plaintiff and Corrections Defendants Valencia and Colgan. See Motion *in Limine* (First), at ¶ 6. Plaintiff has further indicated in his witness list that he seeks to offer testimony and evidence from various corrections officials who, although not eyewitnesses to the underlying incident, reviewed video and various reports and came to certain conclusions regarding the incident. Id., at ¶¶ 8-11. The Corrections Defendants object to the introduction of all such testimony and evidence at trial.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R.Evid. 401. "Relevant evidence is admissible unless any of the following provides otherwise: • the United States Constitution; • a federal statute; • these rules; or • other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R.Evid. 402.

Further, "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:

- negligence;
- culpable conduct;
- a defect in a product or its design; or
- a need for a warning or instruction.

But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

Fed. R.Evid. 407.

Finally, Rule 701 provides that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R.Evid. 701.

The proffered evidence is not relevant to any issue to be addressed at trial because it does not address the Eighth Amendment standard upon which the jury will be instructed in order to determine whether the conduct of the Corrections Defendants violated Plaintiff's Eighth Amendment rights. Indeed, the determinations at issue were made in consideration of DOC policy and did not address the bounds of the Eighth Amendment. As such, admission of such testimony and evidence could be prejudicial because it could have a tendency to mislead or confuse the jury if they believe that these conclusions by corrections officials were determinative of the Eighth Amendment issue.

To the extent that these witnesses would be offering opinions on the ultimate issue, such testimony and evidence should be excluded under Rule 701:

> Under Rule 701 a lay witness may provide testimony in the form of an opinion, but such opinions are limited to those that are:  (1) rationally based on the witness s perception; (2) helpful to clearly understand the witness's testimony or to determine a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge. Rule 701 is meant 'to exclude lay opinion testimony that "amounts to little more than choosing up sides, or merely tells the jury what result to reach."'  U.S. v. Diaz, 951 F.3d 148, 156-57 (3d Cir. 2020)(internal citation omitted); see also U.S. v. Fulton, 837 F.3d 281, 293 (3d Cir. 2016)(stating that a lay witness's opinion is helpful when "it aids or clarifies an issue that the jury would not otherwise be as competent to understand," such that the witness is in a better position than the jurors to form an opinion or make an inference).

Turco v. Zambelli Fireworks Manufacturing Co., 2021 WL 3725945, *1 (W.D.Pa. 2021).

Initially, the testimony and evidence designated by Plaintiff seeks to establish that Plaintiff's constitutional rights were violated.  However, again, the admission of the identified statements from these witnesses could have the effect of misleading or confusing the jury. Moreover, this is not a complex case and the jury can determine for itself from all the *factual* evidence presented at trial whether the conduct attributed to the Corrections Defendants violated Plaintiff's Eighth Amendment right to be free from excessive force.

Further, with respect to evidence of counseling or discipline propounded by Plaintiff beyond that permitted by the Court's sanctions order, such evidence and testimony should be excluded as not relevant and/or evidence of subsequent remedial measures.  No case in this circuit addressing this issue in the corrections context has been found; however, a district court in the Tenth Circuit has conducted the appropriate analysis under the Federal Rules of Evidence and concluded that the exclusion of such evidence is warranted:

> after review of the relevant case law, the Court concludes that evidence of employee discipline is akin to evidence of subsequent remedial measures, and should be excluded for the same reasons. See Specht v. Jensen, 863 F.2d 700, 701 (10th Cir. 1988)(applying Rule 407 to exclude press release discussing disciplinary action it planned to take after incident); Hull v. Chevron U.S.A., Inc., 812 F.2d 584, 586-87 (10th Cir. 1987)(applying Rule 407 to exclude evidence of employer discipline and discharge after accident); Rimkus v. Nw. Colo. Ski Corp., 706 F.2d 1060, 1064 (10th Cir. 1983)("Rule 407 is broad enough to cover such diverse situations as the discharge of the employee responsible for the accident")(citing 2-407 Weinstein's Federal Evidence § 407.02). The Court rejects Plaintiff's argument that this evidence should be admitted to prove motive or state of mind, as DOC's post-Incident actions to discipline or counsel Defendant provide no insight into Defendant's thinking at the time of the Incident.

Al-Turki v. Robinson, 2015 WL 6464411, *12 (D.Colo. 2015)

Based on the foregoing, Plaintiff should be specifically precluded from presenting evidence or testimony that encompasses any after-the-fact deliberation, remedial measure or otherwise constitutes an expression of personal opinion of the foregoing witnesses regarding the incident at issue in this matter. Accordingly, this Honorable Court should enter an Order granting the within Motion *in Limine* and exclude any and all evidence and testimony that encompasses any after-the-fact deliberation, remedial measure or otherwise constitutes an expression of personal opinion of the foregoing witnesses regarding the incident at issue in this matter.

WHEREFORE, the Corrections Defendants respectfully request that this Honorable Court enter an Order granting his Motion *in Limine* (First) and exclude any evidence and testimony related to any after-the-fact deliberation, remedial measure or otherwise constitutes an expression of personal opinion of the foregoing witnesses regarding the incidents giving rise to Plaintiff's claims.

                                                Respectfully submitted,

                                                MICHELLE A. HENRY
                                                Acting Attorney General

| | |
|---|---|
| |   s/ Scott A. Bradley |
| Office of Attorney General | Scott A. Bradley |
| Litigation Section | Senior Deputy Attorney General |
| 1521 Waterfront Place | Attorney I.D. No. 44627 |
| Mezzanine Level | |
| Pittsburgh, PA 15222 | Karen M. Romano |
| | Chief Deputy Attorney General |
| Phone: (412) 565-3586 | |
| Fax:    (412) 565-3019 | |

Date:  February 24, 2023