## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY BRACEY, | } | |
| | } | No. 2:19-cv-01385-WSS |
| Plaintiff, | } | |
| | } | Judge Stickman |
| vs. | } | |
| | } | |
| COREY VALENCIA, *Correctional Officer I*; | } | |
| CHRISTOPHER COLGAN, *Corrections Officer 1*; | } | |
| and LIEUTENANT MORRIS, | } | |
| | } | ***Electronically Filed.*** |
| Defendants. | } | |

## BRIEF IN SUPPORT OF
## CORRECTIONS DEFENDANTS' MOTION *IN LIMINE* (SECOND)

Plaintiff initiated this action on October 24, 2019, by filing a Complaint [ECF 1], albeit without a Motion for Leave to Proceed *in forma pauperis* attached. The Complaint [ECF 8] was eventually docketed and, ultimately, a Second Amended Complaint [ECF 107] was filed and subsequently answered by the Corrections Defendants. See [ECF 142].

Within his Second Amended Complaint, Plaintiff has brought a claim of excessive force under the Eighth Amendment. With respect to such claims, this Court has observed that

> [t]he central inquiry in an excessive force claim is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.' Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002)(*quoting* Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000)). 'When prison officials malicious and sadistically use force to cause harm, contemporary standards of decency are violated ... whether or not significant injury is evident.' Brooks, 204 F.3d at 108-09.
>
> In determining whether a defendant has used excessive force in violation of the Eighth Amendment, courts look to several factors including: '(1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts to temper the severity of the forceful response.' Brooks, 204 F.3d at 106

1

> (internal quotations and citation omitted).  The extent of injuries that an inmate suffers is relevant, but 'does not end' this analysis. <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992).  Consideration of these factors permit a court to make inferences concerning 'whether the use of force could plausibly have been thought necessary' or whether the circumstances show 'such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur.'  <u>Whitley v. Albers</u>, 475 U.S. 312, 321 (1986)(citation omitted).

<u>Bomar v. Wetzel</u>, 2022 WL 18358849, *8-*9, *report and recommendation adopted sub nom.* <u>Bomar v. Braunlich</u>, 2022 WL 17828858 (W.D.Pa. 2022).

Plaintiff's Eighth Amendment claim is based on incident that occurred on October 17, 2017, wherein Plaintiff claims that he was subjected to excessive force by the Corrections Defendants.  As indicated in the accompanying motion, as a result of sanctions imposed by the Court, certain stipulated facts will be presented at trial regarding the interactions between Plaintiff and Corrections Defendants Valencia and Colgan. <u>See</u> Motion *in Limine* (Second), at ¶ 6.

Plaintiff was charged with various criminal offenses in the Court of Common Pleas of Greene County in connection with the incident underlying this action.  Additionally, Defendant Valencia submitted a worker's compensation claim following this incident.  The Corrections Defendants would object to introduction of any testimony or evidence related to these ancillary proceedings.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R.Evid. 401.  "Relevant evidence is admissible unless any of the following provides otherwise:  • the United States Constitution; • a federal statute; • these rules; or • other rules prescribed by the Supreme Court.  Irrelevant evidence is not admissible."  Fed. R.Evid. 402.

To the extent Plaintiff would seek to offer evidence regarding these ancillary proceedings, such evidence would not be relevant to any issue to be addressed at trial because it is not related to the underlying incident in this matter, and because it does not address the Eighth Amendment standard upon which the jury will be instructed in order to determine whether the conduct of the Corrections Defendants violated Plaintiff's Eighth Amendment rights.

Moreover, because of the differing legal standards and burdens of proof applicable to those proceedings, admission of such testimony and evidence could be prejudicial because it could have a tendency to mislead or confuse the jury if they believe that evidence from those proceedings were determinative of the Eighth Amendment issue in this case.

Finally, introduction of such evidence could invite a "trial within a trial" on the issues in those ancillary proceedings. See, e.g., Cleveland Brothers Equipment Co. v. Vorobey, 2023 WL 1930000, *4 (M.D.Pa. 2023)(granting motion *in limine* where "introduction of [proffered] evidence would confuse the issues and waste time, as it would necessarily compel [plaintiff] to explain why certain actions were taken, which would potentially spark a trial within a trial on tangential matters that have no, or minimal, relevance to the case"); Thomas v. Duvall, 2021 WL 5233319, *3 (M.D.Pa. 2021)(granting motion *in limine* with respect to plaintiff's prior conviction where introduction of same "could turn this relatively minor issue into an unnecessary trial within a trial").

Based on the foregoing, Plaintiff should be specifically precluded from presenting evidence or testimony that encompasses Plaintiff's corollary criminal prosecution and Defendant Valencia's worker's compensation claim. Accordingly, this Honorable Court should enter an Order granting the within Motion *in Limine* and exclude any and all evidence and testimony that relates to Plaintiff's corollary criminal prosecution and Defendant Valencia's worker's compensation claim.

WHEREFORE, the Corrections Defendants respectfully request that this Honorable Court enter an Order granting his Motion *in Limine* (Second) and exclude any evidence and testimony related to Plaintiff's corollary criminal prosecution and Defendant Valencia's worker's compensation claim.

Respectfully submitted,

MICHELLE A. HENRY
Acting Attorney General


Office of Attorney General      s/ Scott A. Bradley

Office of Attorney General
Litigation Section
1521 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Phone: (412) 565-3586
Fax:    (412) 565-3019

Date:  February 24, 2023

Scott A. Bradley
Senior Deputy Attorney General
Attorney I.D. No. 44627

Karen M. Romano
Chief Deputy Attorney General