IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY BRACEY, | } | |
| | } | No. 2:19-cv-01385-WSS |
| Plaintiff, | } | |
| | } | Judge Stickman |
| vs. | } | |
| | } | |
| COREY VALENCIA, *Correctional Officer I*; | } | |
| CHRISTOPHER COLGAN, *Corrections Officer 1*; | } | |
| and LIEUTENANT MORRIS, | } | |
| | } | *Electronically Filed.* |
| Defendants. | } | |

**PROPOSED JURY INSTRUCTIONS**

AND NOW, come the defendants, Valencia, Colgan and Morris ("the Corrections Defendants"), by their attorneys, Scott A. Bradley, Senior Deputy Attorney General, and Amelia J. Goodrich, Deputy Attorney General, Chief and file the within Proposed Jury Instructions[1]:

**Brief Statement of the Claims and Defenses at Issue**

Plaintiff, Corey Bracey, filed this lawsuit, claiming that the Defendants, Corey Valencia, Christopher Colgan and Alan Morris, violated his rights under the Eighth Amendment by using excessive force against him during an incident in October 17, 2017, while Mr. Bracey was confined at the State Correctional Institution at Greene. Plaintiff further claims that after this incident, the Defendants entered into a conspiracy to fabricate their incident reports to justify their earlier use of excessive force against Mr. Bracey. The Defendants deny any wrongdoing and assert that any force used against Mr. Bracey on that day was used to respond to Mr. Bracey's own actions.

---

[1] The Court had ordered the Parties to file joint proposals for jury instructions and verdict slip; however, efforts to meet and confer with Plaintiff on these filings ultimately proved unsuccessful. Accordingly, the Corrections Defendants will file their own proposals with respect to these filings.

## I.  ADDITIONS TO GENERAL INSTRUCTIONS

### *MULTIPLE DEFENDANTS*

There are three Defendants in this case.  You must give separate consideration to each Defendant.  Although there are three Defendants, it does not follow that if one is liable, any other Defendant is also liable.  You must make a determination of liability as to each Defendant based on the evidence that was presented to you.

*Source*:       Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)(In an action brought pursuant to Section 1983, a defendant must have "personal involvement in the alleged wrongs" to be liable).

### *PREPONDERANCE OF THE EVIDENCE*

This is a civil case. Plaintiff, Corey Bracey, is the party that brought this lawsuit. Defendants Valencia, Colgan and Morris are the party against whom the lawsuit was filed. Plaintiff has the burden of proving [his/her/its] case by what is called the preponderance of the evidence.  This means Plaintiff Corey Bracey has to prove to you, in light of all the evidence, that what he claims is more likely so than not so.  To say it differently:  if you were to put the evidence favorable to Plaintiff and the evidence favorable to the Defendants on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on his side.  If Plaintiff fails to meet this burden, the verdict must be for the defendants.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and it applies only to criminal cases.  It does not apply in civil cases such as this.  So you should put it out of your mind.

*Source*:        Third Circuit Model Civil Jury Instructions
             1.10   Preliminary Instructions—Preponderance of the Evidence

## II.  SECTION 1983/EIGHTH AMENDMENT/FOURTEENTH AMENDMENT

### *SECTION 1983*

The plaintiff's claims are brought pursuant to Section 1983 of the Civil Rights Act.  You are instructed that the federal civil rights statute under which the Plaintiff sues, 42 United States Code Section 1983, provides that a person may seek relief in this Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges or immunities secured or protected by the Constitution or laws of the United States.

In order to prove his claim, therefore, Plaintiff must prove both of the following elements by a preponderance of the evidence:

*First*:  that the Defendant acted under color of state law.

*Second*: While acting under color of state law, that the Defendant deprived Plaintiff of a federal constitutional right.

I will now give you more details on action under color of state law, after which I will tell you the elements Plaintiff must prove to establish the violation of his federal constitutional right.

*Source*:        Third Circuit Model Civil Jury Instructions
             4.3      Section 1983–Elements of Claim

3

### *COLOR OF STATE LAW*

The first element of Plaintiff's claim is that the Defendant acted under color of state law. This means that Plaintiff must show that the Defendant was using power that he possessed by virtue of state law.

A person can act under color of state law even if the act violates state law.  The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state.

By "state law," I mean any statute, ordinance, regulation, custom or usage of any state. And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies.

Source:      Third Circuit Model Civil Jury Instructions
               4.4      Section 1983–Action under Color of State Law

Because the Defendants were officials of the state of Pennsylvania at the relevant time, I instruct you that they were acting under color of state law.  In other words, this element of Plaintiff's claim is not in dispute, and you must find that this element has been established.

*Source*:      Third Circuit Model Civil Jury Instructions
               4.4.1   Section 1983–Action under Color of State Law–Action under Color of State Law Is Not in Dispute–Version A (government official)

### *EIGHTH AMENDMENT*

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment.  This has been held to protect inmates from excessive force at the hands of those entrusted with the care, custody and control of the inmates.

*Source*:      Third Circuit Model Civil Jury Instructions
               4.10    Section 1983–Excessive Force–Convicted Prisoner

*EXCESSIVE FORCE*

In this case, Plaintiff claims that the Defendants used excessive force during an incident that occurred at the State Correctional Institution at Greene on October 17, 2017.

In order to establish his claim for violation of the Eighth Amendment, Plaintiff must prove that the Defendants used force against him maliciously, for the purpose of causing harm, rather than in a good faith effort to maintain or restore discipline.  It is not enough to show that, in hindsight, the amount of force seems unreasonable; the plaintiff must show that the defendant used force maliciously, for the purpose of causing harm.

When I use the word "maliciously," I mean intentionally injuring another, without just cause or reason, and doing so with excessive cruelty or a delight in cruelty.  Plaintiff must also prove that Defendant's use of force caused some physical injury to him.

In deciding whether Plaintiff has proven this claim, you should consider whether the Defendants used force against Plaintiff, whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied.  In considering whether there was a need for force, you should consider all the relevant facts and circumstances that the Defendants reasonably believed to be true at the time of the encounter.

Such circumstances can include whether any Defendant reasonably perceived a threat to the safety of staff or inmates, and if so, the extent of that threat.  In addition, you should consider whether the Defendants made any efforts to temper the severity of the force he used.

You should also consider whether Plaintiff was physically injured and the extent of such injury.  But a use of force can violate the Eighth Amendment even if it does not cause significant injury.  Although the extent of any injuries to Plaintiff may help you assess whether a use of

force was legitimate, a malicious and sadistic use of force violates the Eighth Amendment even if it produces no significant physical injury.

You are further instructed that even minor prison disruptions require prison officials to make quick decisions that balance the need to maintain order against the risk of harm from the use of force. Thus, you must determine whether the force in this case was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

*Source*:       Third Circuit Model Civil Jury Instructions
                4.10    Section 1983–Excessive Force–Convicted Prisoner

## CIVIL CONSPIRACY—FOURTEENTH AMENDMENT

Plaintiff also alleges that the Defendants entered into a conspiracy with each other to deprive him of his civil rights as protected by the Fourteenth Amendment. In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right.

To prove this claim, Plaintiff must establish by a preponderance of the evidence the following two elements:

*First*, Plaintiff must establish the existence of a conspiracy involving state action; and

*Second*, Plaintiff must establish a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy.

A conspiracy is an agreement between two or more people to do something illegal. A person who is a state official acts under color of state law when he or she enters into a conspiracy, involving one or more other state officials, to do an act that deprives a person of federal constitutional rights. Here Plaintiff alleges that the Defendants violated his due process

rights under the Fourteenth Amendment by agreeing to fabricate their incident reports to justify there use of excessive force.

Under the Due Process Clause of the Fourteenth Amendment, state officials may not deprive an individual of life, liberty, or property without due process of law.

To find a conspiracy in this case, you must find that Plaintiff has proved both of the following by a preponderance of the evidence:

First:  The Defendants agreed in some manner to do an act that deprived Plaintiff of his constitutional due process rights under the Fourteenth Amendment.

Second: The Defendants engaged in at least one act in furtherance of the conspiracy.

As I mentioned, the first thing that Plaintiff must show in order to prove a conspiracy is that the Defendants agreed in some manner to do an act that deprived Plaintiff of his constitutional due process rights under the Fourteenth Amendment.

Mere similarity of conduct among various persons, or the fact that they may have associated with each other, or may have discussed some common aims or interests, is not necessarily proof of a conspiracy.   To prove a conspiracy, Plaintiff must show that members of the conspiracy came to a mutual understanding to do the act that violated Plaintiff's constitutional due process rights under the Fourteenth Amendment.  The agreement can be either express or implied.  Plaintiff can prove the agreement by presenting testimony from a witness who heard the Defendants discussing the agreement; but Plaintiff can also prove the agreement without such testimony, by presenting evidence of circumstances from which the agreement can be inferred.  In other words, if you infer from the sequence of events that it is more likely than not that the Defendants all agreed to do an act that deprived Plaintiff of his constitutional due

process rights under the Fourteenth Amendment, then Plaintiff has proved the existence of the agreement.

In order to find an agreement, you must find that there was a jointly accepted plan, and that each Defendant knew the plan's essential nature and general scope. A person who has no knowledge of a conspiracy, but who happens to act in a way which furthers some purpose of the conspiracy, does not thereby become a conspirator. However, you need not find that the Defendants knew the exact details of the plan or the identity of all the participants in it. One may become a member of a conspiracy without full knowledge of all the details of the conspiracy.

The second thing that Plaintiff must show in order to prove a conspiracy is that the Defendants engaged in at least one act in furtherance of the conspiracy. In this case, this requirement is satisfied if you find that the Defendants agreed to fabricate their incident reports to state that it was plaintiff who was resisting the escort in order to justify their use of excessive force against plaintiff during the escort.

In other words, Plaintiff must prove that the Defendants took at least one action to further the goal of the conspiracy.

*Source*:      Third Circuit Model Civil Jury Instructions
               Adapted from 4.4.3   Section 1983 – Determining Whether a Private Person
               Conspired with a State Official


### III.  <u>VIOLATION OF POLICY NOT A CONSTITUTIONAL VIOLATION</u>

In the course of this trial there has been both testimony and evidence regarding various Department of Corrections' policies. I am instructing you that there is no independent cause of action for violating Department of Corrections' policy. State agency guidelines do not, in and of

themselves, create any rights in any party and do not have the force of law.  As such, a violation

of an internal policy does not automatically rise to the level of a Constitutional violation.

Therefore, neither the failure to adhere to an administrative regulation nor the mere

failure of prison officials to follow their own regulations alone equates to a constitutional

violation.    Consequently, the Defendants cannot be legally liable simply for violating a

Department of Corrections' prison policy.  Rather, the determination you must make is whether

the Defendants violated Mr. Washington's rights under the Eighth Amendment or the Fourteenth

Amendment, using the law I have given to you in that regard.

*Source*:        Atwell v. Lavan, 557 F.Supp.2d 532, 556 n. 24 (M.D.Pa. 2008), *aff'd*, 366
                F.App'x 393 (3d Cir. 2010); Ransome v. Wetzel, 2017 WL 2984036, *4 (W.D.Pa.
                2017); Rathy v. Wetzel, 2014 WL 4104946, *11 (W.D.Pa. 2014).


## IV.  PROXIMATE CAUSE

The Plaintiff must prove by a preponderance of the evidence that the Defendant's acts

were the proximate cause of the deprivation of the Plaintiff's constitutional right to be free from

retaliation for exercising his First Amendment rights.  Proximate cause means that there must be

a sufficient causal connection between the act or omission of the Defendant and any injury or

damage sustained by the Plaintiff.  An act or omission is a proximate cause if it was a substantial

factor in bringing about or actually causing injury, that is, if the injury or damage was a

reasonably foreseeable consequence of the Defendant's act or omission.   If an injury was a

direct result or a reasonably probable consequence of the Defendant's act or omission, it was

proximately caused by such act or omission.  In other words, if the Defendant's act or omission

had such an effect in producing the injury that reasonable persons would regard it as being a

cause of the injury, then the act or omission is a proximate cause.

*Source*:      Rivas v. City of Passaic, 365 F.3d 181, 193 (3d Cir. 2004)("[A] Section 1983 plaintiff must demonstrate that the defendant's actions were the proximate cause of the violation of his federally protected right").

## V. **DAMAGES**

### *COMPENSATORY DAMAGES*

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Defendants should be held liable.

If you find any Defendant liable, then you must consider the issue of compensatory damages.  You must award Plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of that Defendant's conduct.

Plaintiff must show that the injury would not have occurred without the Defendant's act or omission. Plaintiff must also show that the Defendant's act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the Defendant's act or omission.  There can be more than one cause of an injury.  To find that either Defendant's act or omission caused Plaintiff's injury, you need not find that the Defendant's act or omission was the nearest cause, either in time or in space. However, if Plaintiff's injury was caused by a later, independent event that intervened between the Defendant's act or omission and Plaintiff's injury, the Defendant is not liable unless the injury was reasonably foreseeable by that Defendant.

Compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.  Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Plaintiff claims the following items of damages [include any of the following – and any other items of damages – that are warranted by the evidence and permitted under the law governing the specific type of claim]:

• Physical harm to Plaintiff during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that Plaintiff is reasonably certain to experience in the future.  In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.

• Emotional and mental harm to Plaintiff during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that Plaintiff is reasonably certain to experience in the future.

Each plaintiff has a duty under the law to "mitigate" his or her damages – that means that the plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the defendant.  It is Defendant's burden to prove that Plaintiff has failed to mitigate.  So if the Defendants persuade you by a preponderance of the evidence that Plaintiff failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of Plaintiff's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

*Source*:        Third Circuit Model Civil Jury Instructions
                 4.8.1   Compensatory Damages

### *NOMINAL DAMAGES*

If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

*Source*:          Third Circuit Model Civil Jury Instructions
                        4.8.2   Nominal Damages

### *PUNITIVE DAMAGES*

In addition to compensatory or nominal damages, you may consider awarding Plaintiff punitive damages.  A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.  Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.

You may only award punitive damages if you find that a particular Defendant acted maliciously or wantonly in violating Plaintiff's federally protected rights.  In this case, there are three defendants.  You must make a separate determination whether each Defendant acted maliciously or wantonly.

• A violation is malicious if it was prompted by ill will or spite towards the plaintiff.  A defendant is malicious when he or she consciously desires to violate federal rights of which he or she is aware, or when he or she consciously desires to injure the plaintiff in a manner he or she knows to be unlawful.  A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

•       A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that either Defendant acted maliciously or wantonly in violating Plaintiff's federal rights, then you may award punitive damages against that defendant.  However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.  I will now discuss some considerations that should guide your exercise of this discretion.  But remember that you cannot award punitive damages unless you have found that a Defendant acted maliciously or wantonly in violating Plaintiff's federal rights.

If you have found that a Defendant acted maliciously or wantonly in violating Plaintiff's federal rights, then you should consider the purposes of punitive damages.  The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both.  Thus, you may consider whether to award punitive damages to punish the Defendant.  You should also consider whether actual damages standing alone are sufficient to deter or prevent the Defendant from again performing any wrongful acts he or she may have performed.  Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those the Defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award.  That is, in deciding the amount of punitive damages, you should consider the degree to which the Defendant should be

punished for his wrongful conduct toward Plaintiff, and the degree to which an award of one sum or another will deter the Defendant or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the Defendant's action.  For example, you are entitled to consider whether a defendant's act was violent or non-violent; whether the defendant's act posed a risk to health or safety; whether the defendant acted in a deliberately deceptive manner; and whether the defendant engaged in repeated misconduct, or a single act.  You should also consider the amount of harm actually caused by the defendant's act, as well as the harm the defendant's act could have caused and the harm that could result if such acts are not deterred in the future.

Bear in mind that when considering whether to use punitive damages to punish a Defendant, you should only punish the Defendant for harming Plaintiff, and not for harming people other than Plaintiff.  As I have mentioned, in considering whether to punish a Defendant, you should consider the nature of Defendant's conduct –in other words, how blameworthy that conduct was.  In some cases, evidence that a Defendant's conduct harmed other people in addition to the plaintiff can help to show that the Defendant's conduct posed a substantial risk of harm to the general public, and so was particularly blameworthy.  But if you consider evidence of harm a Defendant caused to people other than Plaintiff, you must make sure to use that evidence only to help you decide how blameworthy the Defendant's conduct toward Plaintiff was.  Do not punish the Defendant for harming people other than Plaintiff.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources.  Therefore, if you find that punitive

14

damages should be awarded against any Defendant, you may consider the financial resources of

that Defendant in fixing the amount of such damages.

*Source*:          Third Circuit Model Civil Jury Instructions
                      4.8.3     Punitive Damages


### *ATTORNEY'S FEES AND COSTS*

You are further instructed that in assessing damages, you must not consider attorney fees

or the costs of litigating this case.  Attorney fees and costs, if relevant at all, are for the court and

not the jury to determine.  Therefore, attorney fees and costs should play no part in your

calculation of any damages.

*Source*:          Third Circuit Model Civil Jury Instructions
                      4.8.1    Compensatory Damages


WHEREFORE, the Corrections Defendants respectfully request that the Court accept the

foregoing proposed jury instructions.

                                                            Respectfully submitted,

                                                            MICHELLE A. HENRY
                                                            Acting Attorney General


                                                               s/ Scott A. Bradley
Office of Attorney General                          Scott A. Bradley
Litigation Section                                       Senior Deputy Attorney General
1521 Waterfront Place                               Attorney I.D. No. 44627
Mezzanine Level
Pittsburgh, PA 15222                                Karen M. Romano
                                                            Chief Deputy Attorney General

Phone: (412) 565-3586
Fax:    (412) 565-3019

Date:  March 3, 2023


15