IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY,<br><br>　　　　*Plaintiff*,<br><br>　v.<br><br>COREY VALENCIA, *et al*,<br><br>　　　　*Defendants*. | Civil Action No. 2:19-cv-1385<br><br>Hon. William S. Stickman IV |

**Any objections to this document should be filed no later than March 13, 2023. Further, for voire dire, the first names of possible witnesses must be provided to the Court.**

## PROPOSED JURY SELECTION INSTRUCTIONS AND VOIR DIRE

Good morning. I am United States District Judge William Stickman and I will be presiding over the case now trying. With me this morning is my law clerk Rebecca McBride and my courtroom deputy Elizabeth Abbott. Both will be assisting me during trial.

We are selecting a jury for a civil trial this morning. Both the plaintiff and the defendants have a right to have this case tried by a qualified, fair and impartial jury. A qualified, fair and impartial jury is one which is responsible and capable and which will, without fear, favor, bias, prejudice, sympathy or passion, objectively hear and decide the

1/8/2019 9:37 AM

issues to be tried and render its verdict based solely on the evidence presented and the law applicable to the case as given to you by the court.

A juror's qualifications and impartiality may not be assumed without inquiry, and that inquiry is known as the voir dire examination. Its purpose is to develop the truth about a juror's competency, his or her frame of mind, and ability to do his or her sworn duty in accordance with the oath.

It is important, therefore, that your answers to the questions asked be complete and truthful.  Each of you must disclose to any question any and all information which might disqualify you for any reason from being a juror in this case.  While the sweep of the questions may be broad, it is your affirmative duty to honestly and fully answer the questions asked and to make sure your answers are as complete as possible under the circumstances.

I am now going to administer an oath to all of you, so the answers you give during the voir dire examination are given upon your oath.

Please stand and raise your right hand.

Do you solemnly, sincerely and truly declare that any statement you make in the cause now trying will be the truth, the whole truth, and nothing but the truth?

The case before us for trial is Corey Bracey v. Corey Valencia, Christopher Colgan, and Alan Morris, filed at civil case number 19-1385.

Plaintiff, Corey Bracey, filed this lawsuit, claiming that the Defendants, Corey Valencia, Christopher Colgan and Alan Morris, violated his rights under the Eighth Amendment by using excessive force against him during an incident on October 17, 2017, while Mr. Bracey was confined at the State Correctional Institution at Greene. Plaintiff further claims that after this incident, the Defendants entered into a conspiracy to fabricate their incident reports to justify their earlier use of excessive force against Mr. Bracey. The Defendants deny any wrongdoing and assert that any force used against Mr. Bracey on that day was used to respond to Mr. Bracey's own actions.

I will now be asking a series of questions to the entire jury panel. Jurors answering "yes" to any question should stand. I will then ask you to state **only** your juror number. If you are uncertain if the answer to the

question is "yes" as it applies to you, you should still stand.  Do not supply any information other than your juror number.

I caution you, during this process, that you are not to discuss any of the questions that have been asked, your responses, or anyone else's responses, with any individuals in this room or otherwise connected to the case, or as to any other matter relating to this case.  It is very important to a fair selection process that you do not discuss any of these matters with anyone until the jury selection process is complete.

Also, please remember that when a question asks about your "immediate family," that means your spouse or partner, parents, grandparents, siblings, children, anyone living in your home or anyone with whom you have a relationship similar to that of a member of your immediate family.

1.  The caption of this case is Corey Bracey v. Corey Valencia, Christopher Colgan, and Alan Morris, filed at Docket Number 19-1385.  Do you know anything about this case?  If you do, please stand.  [juror number, thank you, you may be seated]

2. Plaintiff Corey Bracey is representing himself in this matter. If you know Mr. Bracey, please stand. [juror number, thank you, you may be seated]

3. The attorney for Defendants Corey Valencia, Christopher Colgan, and Alan Morris is Scott Bradley of the Office of the Attorney General. Please stand if you know Mr. Bradley. [juror number, thank you, you may be seated]

4. I will now read you a list of names of persons who may be called to testify. If you know or have heard of any of the following individuals, please stand: Major ____ Caro, Major Adam Crumb, ____ Lackey, Lieutenant ____ Stickles, Timothy Lewis, Alan Morris, Corey Valencia, Christopher Colgan, Major ____ Leggett, Gary Graminski, Dr. ___ Crabtree, Michael Kuzma, Christine Smith, Corrections Officer ___ Kulik, Terry Anderson, Patrick Braunlich, B.____ Orosz, David Mihalsky, ____McCune, ____ Pritts, _____ Henderson, _____ Watson, _____ Switzer, and _____ Silbaugh.

For anyone standing: What is your juror number? Thank you. You may be seated

5.  This case originated while Plaintiff Corey Bracey was an inmate at a state correctional institution and the defendants were corrections officers of the institution where Plaintiff was confined. Would you find the testimony of corrections officers to be more credible than an inmate, solely because they are corrections officers? If you would, please stand. [juror number, thank you, you may be seated]

6.  All jurors in this case must without bias or prejudice hear and decide the issues to be tried, and render a verdict, based solely on the evidence presented and the law applicable to the case as given to you by the court. If you have any strong feelings regarding a prisoner's rights to pursue a lawsuit and/or to receive damages based on that lawsuit, please stand. [juror number, thank you, you may be seated]

We will now begin individual voir dire. You will be called individually by Ms. Abbott to answer questions relating to your service. Again, I caution you that during this process you are not to discuss any of the questions that have been asked, your responses, or anyone else's.

**[INDIVIDUAL VOIR DIRE]**

1. The plaintiff in this case is African American and the defendants are Caucasian. Would the Plaintiff being African American and Defendants being Caucasian create any bias, prejudice, or favoritism toward the parties or render you unable to reach a fair and impartial verdict?

2. Have your or any member of your immediate family ever been subjected to what you believe to be excessive force, or otherwise treated unfairly, or any other experience with a person of authority over you, that may impact your ability to be a fair and impartial juror in this case?

3. How old are you?

4. Where do you live? How long have you lived there?

5. What is your educational background?

6. What is your present occupation? (If retired, what was your occupation?)

7. Who is your employer? (If retired, who was your employer?)

8. Are you married? What is your spouse's occupation and who is your spouse's employer? (If your spouse is retired, what was his or her occupation and who was his or her employer?)

9. Do you have any children? If so, for whom do they work and what do they do?

10. Do you own your own home?

11. Do you drive a car?

12. Have you or an immediate family member ever been involved in a lawsuit, either as a plaintiff, defendant, or witness? Would anything about that experience keep you from being a fair and impartial juror?

13. Have you ever served as a juror before? What type of case was it? Was the verdict for the plaintiff or defendant? Would anything about that experience keep you from being a fair and impartial juror?

14. Do you have any opinions, beliefs, or personal feelings about the subject matter of this case that would affect your ability to be a fair and impartial juror, or prevent you from applying the law as directed by this court? What are they?

15. This case is expected to last 5 trial days. Will the timing of the trial affect your ability to serve as a juror?

16. Do you have any physical condition or any other reason that renders you unable to serve as a fair and impartial juror in this case?

17. Having heard all the preliminary information regarding this case, is there any reason that you could not, or would not, follow the law as the Court instructs you, and be unable to serve as a fair and impartial juror in this case, basing your verdict on the facts as you determine them?

**[RESUME IN COURTROOM]**

Now that voir dire is completed, the parties will consider your responses. You must remain in the courtroom and in your seats. You may talk amongst yourselves during this process, but I caution each of you that

you are not to discuss the case or anything related to the jury selection process.

**Deputy administers oath:**

"Do you solemnly, sincerely and truly affirm that you will well and truly try the matter now on trial, and render a true verdict, according to the evidence and the law as given to you by the Court?"

Further,   "Do each of you also solemnly swear or affirm that you will follow the Court's instructions, which are that until the case is over, you will not access in any way the news about this case, either by the Internet, by print media, by radio, or by television, and that you will not communicate with anyone, including other jurors, about this case which includes not talking about it in person or by phone, not writing, texting, blogging or tweeting about it, and not using any social networking sites (examples of which are Facebook, Instagram, SnapChat, and Twitter), and not discussing any aspect of the case or your work as a juror?"

Judge: This concludes jury selection. After instructions, counsel will make their opening statements.