IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY BRACEY, | } |
| | } No. 2:19-cv-01385-WSS |
| Plaintiff, | } |
| | } Judge Stickman |
| vs. | } |
| | } |
| COREY VALENCIA, *Correctional Officer I*; | } |
| CHRISTOPHER COLGAN, *Corrections Officer 1*; | } |
| and LIEUTENANT MORRIS, | } |
| | } *Electronically Filed.* |
| Defendants. | } |

### CORRECTIONS DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE*

AND NOW, come the Defendants, Valencia, Colgan and Morris ("the Corrections Defendants"), by their attorneys, Scott A. Bradley, Senior Deputy Attorney General; Amelia J. Goodrich, Deputy Attorney General, and Karen M. Romano, Chief Deputy Attorney General, Chief, Litigation Section, and respectfully submit the following response to Plaintiff's Motion *in Limine* [ECF 267]:

Plaintiff has filed a Motion *in Limine* [ECF 66] raising four separate issues. The Corrections Defendant will address these *seriatim*:

**Issue 1: Plaintiff's Criminal History.**

The Corrections Defendants do not intend to introduce evidence of Plaintiff's underlying convictions (*i.e.* the basis for his imprisonment) or his criminal history as part of the Corrections Defendants' case-in-chief but reserve the right to do so should Plaintiff "open the door" to the admission of such evidence.

**Issue 2: Plaintiff's Disciplinary file.**

The Corrections Defendants do not intend to introduce evidence of Plaintiff's prior disciplinary record within the Department of Corrections as part of the Corrections Defendants'

case-in-chief but reserve the right to do so should Plaintiff "open the door" to the admission of such evidence. By way of further response, if Plaintiff seeks to offer evidence to the effect that his actions and conduct on that day were the result of a mental health episode, the Corrections Defendants would seek to offer evidence of Plaintiff's prior misconduct history, including prior incidents involving assaults on staff. Such evidence would be admissible under Rule 404(b)(2) of the Federal Rules of Evidence which permits "[e]vidence of any other crime, wrong, or act" for the purpose of "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." See Fed. R.Evid. 404(b)(2).

**Issue 3:**     **Video of Strip Search.**

This request relates to a video taken from a handheld camera that was brought to the incident. The Corrections Defendants anticipate that this video will be used as an exhibit at trial. The Corrections Defendants have no objection to any limitation on the video aspect of the portion of the handheld video depicting the strip search of Plaintiff and agree that this evidence would not be properly offered or admitted as part of the Corrections Defendants' case-in-chief.

However, there may be aspects of the audio portion of this video that may be relevant to issues at trial. Consequently, the Corrections Defendants would oppose any limitation on the use of the audio portion of this video at trial.[1] To the extent that Plaintiff objects to the video portion of the handheld video that follows the strip search, the Corrections Defendants object to the exclusion of that part of the video because it may be relevant to show Plaintiff's state of mind and/or lack of injury. Finally, the Corrections Defendants again reserve the right to offer

---

[1] During this portion of the handheld video covering the time when Plaintiff is in the strip search cell, he does meet with a mental health professional. The audio of the communications between Plaintiff and mental health professional was not recorded to maintain confidentiality.

evidence of the video of this portion of the handheld video should Plaintiff "open the door" to the admission of such evidence.

**Issue 4:** **Exclusion of Video, Plaintiff Exiting Cell.**

This request relates to a video taken from a fixed surveillance camera that captured the incident from outside Plaintiff's cell. The Corrections Defendants anticipate that this video will be used as an exhibit at trial. Plaintiff seeks to exclude the portion of video showing his actions toward the corrections staff, including Corrections Defendant Valencia, when his cell door was opened so that a mattress and pillow could be placed in the cell. The Corrections Defendants oppose this request. Initially, this video is part of the entire incident at issue in this case and is an important piece of evidence for the jury's consideration. Further, the video is relevant to show the state of mind of the Corrections Defendants and others in responding to Plaintiff's actions from the start of the incident to its conclusion.

Moreover, in seeking the exclusion of this portion of the video, Plaintiff appears to overstate the stipulations ordered by the Court. Particularly, the Court granted Plaintiff's Motion for Sanctions [ECF 177] and ordered that:

> At the trial of this matter, the following facts shall be deemed stipulated to by the patties:
>
> a. On September 8, 2017, by order of the restricted Housing Unit Commander, a separation order was in place forbidding Defendants Corey Valencia and Christopher Colgan from any contact with Plaintiff Corey Bracey.
>
> b. Defendants Corey Valencia and Christopher Colgan violated that order on October 17, 2017.
>
> c. After an investigation of the incident at issue here, the Department of Corrections launched disciplinary proceedings against Defendant Corey Valencia and concluded that he violated a direct order forbidding contact with Plaintiff Corey Bracey and violated post orders requiring a prisoner in Plaintiffs security classification to be searched and handcuffed prior to opening a cell door. The disciplinary proceedings resulted in a three-day suspension. The

       suspension was not served because Defendant Valencia never returned to work after the incident at issue.

   d. Defendants Valencia and Colgan failed to disclose these facts to Plaintiff as required when asked during the discovery phase of this litigation.

Memorandum Order [ECF 211], at 31.

    In support of his claims in this matter, Plaintiff has alleged that

> Defendant Valencia manufactured a situation to be able to sadistically use force against Plaintiff that was avoidable but not for Valencia's intentional misconduct. Valencia knew of the risk concerning Plaintiff and his mental instability when opening the door to intentionally incite a physical confrontation that resulted in Plaintiff's injuries in violation of the Eighth Amendment to the United States Constitution.

Second Amended Complaint [ECF 107], at ¶ 54.

    However, the stipulations ordered by the Court only establish that Corrections Defendant Valencia violated DOC policy when he opened the door of Plaintiff's cell while Plaintiff was not restrained. Plaintiff's allegations go well beyond this point. Indeed, the Court did not direct that any stipulation be entered to the effect that Plaintiff's response to this violation of policy was appropriate or otherwise justified by Corrections Defendant Valencia's conduct that day. Indeed, that is a critical part of the case that the jury will ultimately have to determine.

    Finally, the stipulations do not go to Corrections Defendant Valencia's state of mind at the time he opened the cell door; however, the video of the incident is relevant to that issue. The video is also relevant to Plaintiff's state of mind at the beginning of the incident. Thus, the video of the beginning of the incident is a critical piece of evidence for the jury to consider in the course of trial and their eventual deliberations on Plaintiff's claims.

WHEREFORE, the Corrections Defendants respectfully request that this Honorable Court enter appropriate rulings on each of the issues raised by Plaintiff's Motion *in Limine*.

                                              Respectfully submitted,

                                              MICHELLE A. HENRY
                                              Acting Attorney General

|  |  |
|---|---|
|  |    s/ Scott A. Bradley |
| Office of Attorney General | Scott A. Bradley |
| Litigation Section | Senior Deputy Attorney General |
| 1521 Waterfront Place | Attorney I.D. No. 44627 |
| Mezzanine Level |  |
| Pittsburgh, PA 15222 | Karen M. Romano |
|  | Chief Deputy Attorney General |
| Phone: (412) 565-3586 |  |
| Fax:   (412) 565-3019 |  |

Date:  March 6, 2023