**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

COREY BRACEY,

                    *Plaintiff*,

           v.

COREY VALENCIA, *et al*,

                    *Defendants*.

Civil Action No. 2:19-cv-1385

Hon. William S. Stickman IV

<span style="color:red">**Any objections to this document should be filed no later than <u>March 13, 2023</u>.**</span>

# <u>PRELIMINARY JURY INSTRUCTIONS</u>

## I.    ROLE OF THE JURY

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Jury service is one of the highest duties a citizen of the United States can be called upon to perform.  The system of justice called for by our constitution is the best ever devised because it relies on citizens of the United States to become involved in the trial to decide issues of fact in disputes between parties.  The involvement of citizens in this way takes the important fact finding function out of the hands of individual judges so that decisions about factual questions can be

made by members of the community having a variety of backgrounds and perspectives rather than by legal professionals.

Notwithstanding the importance of jury service, coming to court and participating in trial procedures does require sacrifice by jury members who must give up other business and personal pursuits, sometimes at considerable inconvenience.  The court is aware of the sacrifice involved as are the parties who join me in thanking each of you for being here and for serving as a juror in this case.  We hope that the experience will be rewarding to you, despite any inconvenience involved.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. You must decide the facts only from the evidence presented to you in this trial.

From the evidence, you will decide what the facts are and apply to those facts the law that I give you in my final instructions.  That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous.  All of you

will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  Therefore, each of you has a responsibility which you cannot avoid, and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts of this case.  You should not take anything I say or do as indicating what I think of the evidence or about what your verdict should be.  My role is to make legal decisions during the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law in making your decisions.  Each of the instructions is important.  You must not substitute your own notion or opinion about what the law is or ought to be.  You must follow the law as I give it to you, whether you agree with it or not.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You

should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

## II.   CONDUCT OF THE JURY

Here are some important rules about your conduct as jurors:

(1) keep an open mind.  Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.

(2) do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate.  You need to allow each juror the opportunity to keep an open mind throughout the entire trial.  During trial you may talk with your fellow jurors about anything else of a personal nature or of common interest.

(3) during the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time

of day.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

(4) do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors. It is important not only that you do justice in this case, but that you give the appearance of justice.  If anyone should try to talk to you about the case during the trial, please report that to my courtroom deputy, Ms. Abbott, immediately.  Do not discuss this situation with any other juror.

(5) do not discuss the case with anyone outside the courtroom or at home, including your family and friends.  You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last.  However, you should also tell them that the judge instructed you not to talk any more about the case and that they should not ask you about it.  The reason for this is that sometimes someone else's thoughts can influence you.  Your

thinking should be influenced only by what you learn in the courtroom.

(6) until the trial is over and your verdict is announced, do not watch or listen to any television or radio news programs or reports about the case, or read any news or internet stories or articles about the case, or about anyone involved with it.

(7) do not use a computer, cellular phone, other electronic device, or tools of technology while in the courtroom or during deliberations. These devices may be used during breaks or recesses for personal uses but may not be used to obtain or disclose information about this case. You may not communicate with anyone about the case on your cell phone, through e-mail, blackberry, iPhone, text messaging, or, through any blog or website, through any internet chat room, or by way of any other social networking websites, including "Google-plus," Facebook, Myspace, LinkedIn, Twitter, Instagram and YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it.

(8) do not do any research or make any investigation on your own about any matters relating to this case or this type of case. This means, for example, that you must not visit the scene, conduct experiments, consult reference works or dictionaries, or search the internet, websites or blogs for additional information, or use a computer, cellular phone, or other electronic devices or tools of technology, or any other method, to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case. Please do not try to find out information from any source outside the confines of this courtroom. You must decide this case based only on the evidence presented in the courtroom and my instructions about the law. It would be improper for you to try to supplement that information on your own.

## III. PLAINTIFF AS HIS OWN COUNSEL

Mr. Bracey is representing himself in this trial. He has a right to do so, and it must not affect your consideration of the case.

Because Mr. Bracey is acting as own lawyer, you will hear him

7

speak at various times during the trial.  He may make an opening statement and closing argument.  He may ask questions of witnesses, make objections, and argue to the court.  When Mr. Bracey speaks in these parts of the trial he is acting as a lawyer in the case, and his words are not evidence.  The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

## IV.   BENCH (SIDE-BAR) CONFERENCES

During the trial it may be necessary for me to talk with Mr. Bracey and the Defendants' lawyers out of your hearing.  That is called a bench or side-bar conference.  If that happens, please be patient.  We also ask that you advise me, through my courtroom deputy, if you are able to hear any of the side-bar conferences, because the purpose is to hold these discussions outside the hearing of the jury, for important reasons.

I know you may be curious about what we are discussing.  We are not trying to keep important information from you.   These

conferences are necessary for me to discuss with Mr. Bracey and the Defendants' lawyers objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence. We will, of course, do what we can to keep the number and length of these conferences to a minimum. If I think the conference will be long, I will call a recess.

I may not always grant a request for a conference. Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.

## V.   NOTE TAKING BY JURORS

At the end of the trial you must make your decision based on what you remember of the evidence. Although there is a court reporter here who will be transcribing the trial, you will not have a written transcript of the testimony to review. You must pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said. You may take notes during the presentation of the

evidence, the summations of Mr. Bracey and the Defendants' lawyers at the conclusion of the evidence, and during my instructions to you on the law.  My courtroom deputy, Ms. Abbott, will arrange for pens, pencils, and paper.  If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case.  Your notes are for your own personal use – they are not to be given or read to anyone else.

Here are some other specific points to keep in mind about note taking:

(1)  <u>note-taking is permitted, but it is not required.</u>  You are not required to take notes.  How many notes you want to take, if any, is entirely up to you.

(2)  <u>Please make sure that notetaking does not distract you</u> from your tasks as jurors.  You must listen to all the testimony of each witness.  You also need to decide whether and how much to believe each witness.  That will require you to watch the appearance, behavior, and manner of each witness while he or

she is testifying.  You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

(3)  <u>Your notes are memory aids; they are not evidence</u>.  Notes are not a record or written transcript of the trial.  Whether or not you take notes, you will need to rely on your own memory of what was said.  Notes are only to assist your memory; you should not be overly influenced by notes.

(4)  In your deliberations, <u>do not give any more or any less weight to the views of a fellow juror just because that juror did or did not take notes</u>.  Do not assume that just because something is in someone's notes that it necessarily took place in court.  It is just as easy to write something down incorrectly as it is to hear or remember it incorrectly.  Notes are not entitled to any greater weight than each juror's independent memory of the evidence.  You should rely on your individual and collective memories

when you deliberate and reach your verdict.

(5)  <u>You should not take your notes away from court</u>. You will leave your notes in the jury room at the end of each day.

My staff is responsible for making sure that no one looks at your notes.   Immediately after you have finished your deliberations and I have accepted your verdict, my staff will collect and destroy your notes, to protect the secrecy of your deliberations.

## VI.  QUESTIONS BY JURORS OF WITNESSES

Only Mr. Bracey, the lawyers for Defendants and I can ask questions of witnesses.  You are not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

## VII.  EVIDENCE

You must make your decision in this case based only on the evidence that you see and hear in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court

influence your decision in any way.  The evidence from which you are to find the facts consists of the following:

(1) the testimony of the witnesses;

(2) documents and other things received as exhibits; and

(3) any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following things are not evidence:

(1) statements and arguments of Mr. Bracey and the lawyers for the Defendants;

(2) questions by Mr. Bracey, the lawyers for the Defendants, and questions that I might ask.  You must not assume that a fact is true just because one of us asks a question about it.  It is the witness's answers that are evidence.  Of course, you may need to consider the question to know what a witness means by his or her answer.  For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying;

(3) objections by Mr. Bracey or the Defendants' lawyers,

including objections in which they state facts;

(4) any testimony I strike or tell you to disregard; and

(5) anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When Mr. Bracey asks a question or offers an exhibit into evidence, and the Defendants' lawyer thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means I am being asked to decide whether the evidence should be allowed under the rules. Mr. Bracey and the Defendants' lawyers have a responsibility to make objections when they think evidence being offered is improper under the rules of evidence. You should not

be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence. If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other. I may allow evidence (testimony or exhibits) only for a limited purpose. If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered, or the exhibit will not be received as evidence. Whenever I sustain an objection, you must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection. If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record. If I do that, I will instruct you to disregard that evidence. That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although Mr. Bracey and the Defendants' lawyers may call your attention to certain facts or factual conclusions that they think are important, what they say is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision. Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

Two types of evidence may be used in this trial, direct evidence and circumstantial (or indirect) evidence. You may use both types of evidence in reaching your verdict.

Direct evidence is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness

testifies about something the witness knows from his or her own senses something the witness has seen, touched, heard, or smelled. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could find or infer the existence of some other fact or facts. An inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. An inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists based on another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could find or conclude that it was

raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  Mr. Bracey may ask you to draw one inference, and the Defendants' lawyers may ask you to draw another.  You, and you alone, must decide what inferences you will draw based on all the evidence.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

## VIII.    CREDIBILITY OF WITNESSES

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  "Credibility" refers to whether a witness is worthy of belief: is the witness truthful?  Is the witness's testimony accurate?  You may believe everything a witness

says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2) the quality of the witness's knowledge, understanding, and memory;

(3) the witness's appearance, behavior, and manner while testifying;

(4) whether the witness has an interest in the outcome of the case

19

or any motive, bias, or prejudice;

(5) any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

(6) whether the witness said or wrote anything before trial that is different from the witness testimony in court;

(7) whether the witness's testimony is consistent or inconsistent with other evidence that you believe; and

(8) any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness's testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should consider whether it is about a matter of importance or an insignificant detail. You should also consider whether the inconsistency is innocent or

intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached.  You may decide that the testimony is not worthy of belief because of the witness bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are, and how much weight you think their testimony deserves.

## IX. BURDEN OF PROOF

This is a civil case.  Plaintiff Corey Bracey is the party who brought this lawsuit.  Defendants Corey Valencia, Christopher Colgan, and Alan Morris are the parties against whom the lawsuit was filed.

Mr. Bracey has the burden of proving his case by what is called the preponderance of the evidence.  That means Mr. Bracey has to prove to you, in light of all the evidence, that what he claims is more likely so than not so.  To say it differently: if you were to put the evidence favorable to Mr. Bracey and the evidence favorable to the Defendants on opposite sides of the scales, Mr. Bracey would have to make the scales tip somewhat on his side.  If Mr. Bracey fails to meet this burden, the verdict must be for the Defendants.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Mr. Bracey must prove to you that each Government-official Defendant, *through the official's own individual actions*, has violated the Constitution because each Defendant is only liable for his or her *own* misconduct and not for the constitutional violation caused by his co-hort. You must make a determination of liability as to each Defendant based on the evidence that was presented to you.

On certain issues, called affirmative defenses, the Defendants have the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find an affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that the Defendants succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

## X. DESCRIPTION OF CASE AND BRIEF SUMMARY OF APPLICABLE LAW

Mr. Bracey is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law. He claims that the Defendants, Corey Valencia, Christopher Colgan and Alan Morris, violated his rights under the Eighth Amendment by using excessive force against him during an incident on October 17, 2017, while Mr. Bracey was confined at the State Correctional Institution at Greene. Mr. Bracey further claims that after this incident, the Defendants entered into a conspiracy to fabricate their incident reports to justify their earlier use of excessive force against him. The Defendants deny any wrongdoing and assert that any force used against Mr. Bracey on that day was used to respond to Mr. Bracey's own actions.

In order to help you follow the evidence, I will now give you a

brief summary of the elements that Mr. Bracey must prove to make his case.

Mr. Bracey must prove both of the following elements by preponderance of the evidence as to his claim under Section 1983. First, that each Defendant acted under color of state law. Second, while acting under color of state law, each Defendant individually deprived Mr. Bracey of a federal constitutional right.

The Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment, protects convicted prisoners from malicious and sadistic uses of physical force by prison officials. In order to establish his claim for violation of the Eighth Amendment, Mr. Bracey must prove that the Defendants used force against him maliciously, for the purpose of causing harm, rather than in a good faith effort to maintain or restore discipline. It is not enough to show that, in hindsight, the amount of force seems unreasonable; Mr. Bracey must show that the Defendants used force maliciously, for the purpose of causing harm. When I use the word "maliciously," I mean

intentionally injuring another, without just cause or reason, and doing so with excessive cruelty or a delight in cruelty.  Mr. Bracey must also prove that the Defendants' use of force caused some physical injury to him.

Mr. Bracey also claims that the Defendants entered into a conspiracy with each other to deprive him of his civil rights as protected by the Fourteenth Amendment.  In order to prevail on a conspiracy claim under Section 1983, Mr. Bracey must prove that persons acting under color of state law conspired to deprive him of a federally protected right.  He must establish by a preponderance of the evidence the following two elements:

> *First*, Mr. Bracey must establish the existence of a conspiracy involving state action; and
>
> *Second*, Mr. Bracey must establish a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy.

A conspiracy is an agreement between two or more people to do something illegal.  A person who is a state official acts under color of

state law when he or she enters into a conspiracy, involving one or more other state officials, to do an act that deprives a person of federal constitutional rights.  Mr. Bracey alleges that the Defendants violated his due process rights under the Fourteenth Amendment by agreeing to fabricate their incident reports to justify their use of excessive force.

Under the Due Process Clause of the Fourteenth Amendment, state officials may not deprive an individual of life, liberty, or property without due process of law.

To find a conspiracy in this case, you must find that Mr. Bracey has proved both of the following by a preponderance of the evidence:

*First*:  The Defendants agreed in some manner to do an act that deprived Mr. Bracey of his constitutional due process rights under the Fourteenth Amendment.

*Second*: The Defendants engaged in at least one act in furtherance of the conspiracy.

If you find by a preponderance of the evidence that any of the Defendants are liable to Mr. Bracey, then you must consider the issue of compensatory damages.  You must award Mr. Bracey an amount that will fairly compensate him for any injury he actually sustained as a result of any of the Defendants' conduct.

Mr. Bracey must show that an injury would not have occurred without a Defendant's act(s). Mr. Bracey must also show that a Defendant's acts played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of a Defendant's acts.  There can be more than one cause of an injury.  To find that a Defendant's acts caused Mr. Bracey's injury, you need not find a Defendant's act was the nearest cause, either in time or space.  However, if Mr. Bracey's injury was caused by a later, independent event that intervened between a Defendant's act and Mr. Bracey's injury, that Defendant is not liable unless the injury was reasonably foreseeable by that Defendant.

Compensatory damages must not be based on speculation or

sympathy.  They must be based on the evidence presented at trial, and only on the evidence. Mr. Bracey has the burden of proving compensatory damages by a preponderance of the evidence.

If you return a verdict for Mr. Bracey, but you determine that he has failed to prove compensatory damages, then you must award nominal damages of $1.00.   A person whose federal rights were violated is entitled to a recognition of that violation, even if they have suffered no actual injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even when no actual injury occurred.

However, if you find actual injury, you must award compensatory damages rather than nominal damages.

In addition to compensatory or nominal damages, you may consider awarding Mr. Bracey punitive damages.  A jury may award punitive damages to punish a defendant, or to deter a defendant and others like a defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if a

plaintiff suffered no actual injury, and so receives nominal rather than compensatory damages.  You may only award punitive damages if you find that one or all of the Defendants acted maliciously or wantonly in violating a federally protected right.  An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages or you may decide not to award them.

This is just a brief overview.  I will provide you with more detailed and extensive instructions on the law at the conclusion of the case before you begin your deliberations, and those instructions will control your deliberations and decision.

## XI.   DESCRIPTION OF TRIAL PROCEEDINGS

The trial will proceed in the following manner:

Mr. Bracey may make an opening statement.  The Defendants' lawyers may make opening statements after Mr. Bracey's opening statement or they may postpone the making of an opening statement until after Mr. Bracey finishes presenting their evidence.   The

Defendants' lawyers are not required to make opening statements. The opening statements are simply an outline to help you understand what each party expects the evidence to show.  What is said in the opening statements is not itself evidence.

After opening statements, Mr. Bracey will introduce the evidence that he thinks proves the claims stated in the complaint.  Mr. Bracey will present witnesses and the Defendants' lawyers may cross-examine those witnesses.  Mr. Bracey may also offer documents and other exhibits into evidence.

After Mr. Bracey has presented his evidence, the Defendants may present evidence, but they are not required to do so.

After all the evidence has been presented, Mr. Bracey and the Defendants' lawyers will have the opportunity to present closing arguments.  Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence.  What is said in closing arguments is not evidence, just as what is said in the opening

statements is not evidence.

After you have heard the closing arguments, I will give you orally and in writing the final instructions concerning the law that you must apply to the evidence presented during the trial.  As I am doing now, I may also give you instructions on certain aspects of the law throughout the trial, as well as at the end of the trial.

After my final instructions on the law, you will retire to consider your verdict.  Your deliberations are secret.  You will not be required to explain your verdict to anyone.  Your verdict must be unanimous; **<u>all</u>** of you must agree to it.

You must keep your minds open during this trial.  Do not make up your mind about any of the questions in this case until you have heard each piece of evidence and all of the law which you must apply to that evidence, until you begin your deliberations.

## XII.  CONCLUSION

Please keep the matters I have discussed in your mind as the case proceeds.  As I noted, at the conclusion of trial, I will give you your

final instructions.

Ms. Abbott will now administer the final juror oath.

## Additional juror oath

Do each of you solemnly swear or affirm that you will follow the court's instructions, which are that until the case is over, you will not access in any way the news about this case, either by the internet, by print media, by radio, or by television, and that you will not communicate with any others about this case, including not talking about it in person or by phone, not writing, blogging or tweeting about it, and not using any social networking sites (examples of which are Facebook, Myspace, LinkedIn, and Twitter), to discuss any aspect of the case or your work as a juror?

If you agree, please say, "I do."

Please take your seats again.

The trial will now begin.